NO. 07-09-00220-CR
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL D
 
--------------------------------------------------------------------------------
MAY 17, 2010
--------------------------------------------------------------------------------

 
 GAIL ANNE SANGSTER, 
 Appellant
 v.
 
 THE STATE OF TEXAS, 
 Appellee
 _____________________________
 
 FROM THE 100TH DISTRICT COURT OF CARSON COUNTY;
 
 NO. 4152; HONORABLE STUART MESSER, PRESIDING

--------------------------------------------------------------------------------

--------------------------------------------------------------------------------
Memorandum Opinion
--------------------------------------------------------------------------------

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
 Gail Anne Sangster was convicted after a jury trial of possession of marijuana in an amount of 2,000 pounds or less but more than 50 pounds. On appeal, she challenges the trial court's denial of her motion to suppress claiming she was unreasonably detained after the purpose of the traffic stop had ended. We affirm the judgment. 
 Background
 On May 19, 2008, appellant was driving a red Chevrolet Impala east on Interstate 40 when she was stopped for traveling 73 m.p.h. in a 70 m.p.h. zone. In the course of the traffic stop, Trooper Robert Dollar discovered that appellant was driving a rental car one way from Tucson, Arizona, to Atlanta, Georgia. Appellant and her passenger also exhibited excessive nervousness. Additionally, the purpose and itinerary of the trip as related by appellant and her passenger were inconsistent. 
After the officer had written a warning ticket to appellant, he asked if he could pose several more questions. Appellant responded affirmatively. After asking questions relating to the baggage in the car and whether they were carrying contraband, the officer requested consent to search the vehicle. Appellant told the officer he would need to request permission from her passenger who refused consent. The parties were then detained an additional six minutes for the arrival of a drug dog who alerted on the trunk of the vehicle. 
 Standard of Review
 We review the trial court's ruling on a motion to suppress under the standard discussed in Ford v. State, 158 S.W.3d 488 (Tex. Crim. App. 2005). It requires that we give great deference to the trial court's interpretation of historical facts and assessment of the witnesses' credibility. Id. at 493. However, we need not do the same with respect to application of the law to the facts, which we consider de novo. Neal v. State, 256 S.W.3d 264, 281 (Tex. Crim. App. 2008), cert. denied, ___U.S. ___, 129 S.Ct. 1037, 173 L.Ed.2d 471 (2009). 
 Applicable Law
 Law enforcement personnel may briefly detain and investigate a person when they have reasonable suspicion that the person is involved in criminal activity. State v. Sheppard, 271 S.W.3d 281, 287 (Tex. Crim. App. 2008). An officer has authority to stop and detain a vehicle when he witnesses a traffic violation. Whren v. United States, 517 U.S. 806, 810, 116 S.Ct. 1769, 1772, 135 L.Ed.2d 89 (1996). Moreover, in a routine traffic stop, an officer may request certain information from a driver, such as a driver's license and car registration, and may conduct a computer check on that information. Kothe v. State, 152 S.W.3d 54, 63-64 (Tex. Crim. App. 2004). The officer may also ask the occupants of the vehicle about their destination and the purpose of their trip. Strauss v. State, 121 S.W.3d 486, 491 (Tex. App. - Amarillo 2003, pet. ref'd). Once the purpose of the stop has been effectuated, the officer may still ask if the occupants possess illegal contraband and solicit consent to search. Id. However, if consent is denied, the detention must cease, id., unless information the officer learns in the course of the traffic stop provides him with reasonable suspicion that another offense has been or is being committed. Sieffert v. State, 290 S.W.3d 478, 483 (Tex. App. - Amarillo 2009, no pet.). Reasonable suspicion is determined from a totality of the circumstances. Kothe v. State, 152 S.W.3d at 63. 
 Application of Law to Facts
 The legality of the initial stop of appellant's vehicle is not challenged. It is the continued detention after the warning ticket had been written which appellant argues was improper. Therefore, we must determine whether the officer had reasonable suspicion of criminal activity upon which to further detain the couple. 
 Dollar was the only witness at the suppression hearing. He testified that 1) appellant was driving a one-way rental car from Tucson to Atlanta, 2) from his training and experience, one-way car rentals are a common trend in criminal activity, 3) from his training, he knows that Tucson is a known origin of narcotics and Atlanta is a known destination for narcotics or illegal contraband, 4) during his initial contact, appellant's hands were shaking and she avoided his eyes, 5) the passenger also showed signs of nervousness such as shaking hands, avoiding eye contact, labored breathing, and slouched demeanor, 6) the passenger's explanation of the purpose of his trip was recited as if it was prefabricated, 7) the passenger stated they were originally going to California to sell a truck and a trailer they were driving, the truck broke down in Tucson and it was too expensive to fix so they left it, they decided to return to Georgia instead of going on to California, and they were going to visit his family in Nashville first and then fly to Georgia, 8) appellant stated the passenger was her boss and they and some friends were driving to California to sell trucks that were already in California but their "small car" broke down in Tucson, 9) appellant was unable to provide even a first name of the friends with whom they were traveling, 10) appellant explained they had not flown on to California from Tucson with their friends because her boss did not like to fly even though her boss had stated they would fly from Nashville to Atlanta, 11) appellant's nervousness continued to increase throughout the traffic stop even though Dollar informed her she would only receive a warning and her arms and hands were shaking, her face was twitching uncontrollably, and she was sweating profusely, 12) the passenger's nervousness also increased during the course of the stop, and 13) when Dollar asked appellant if she was carrying marijuana, she looked at the floor and would not answer orally but she laughed and said "no" when he asked if she was carrying methamphetamine or cocaine. 
 While nervousness alone is not sufficient to establish reasonable suspicion of criminal activity, it is a factor that may be considered. State v. Wilson, 295 S.W.3d 759, 762 (Tex. App. - Eastland 2009, no pet.); Green v. State, 256 S.W.3d 456, 462 (Tex. App. - Waco 2008, no pet.). Moreover, we do not simply have common nervousness before us; that exemplified by appellant tended to border on extreme given profuse sweating despite the trooper's efforts to calm her. We also have inconsistencies in the stories provided the trooper, which is also a relevant indicia. See Estrada v. State, 30 S.W.3d 599, 603 (Tex. App. - Austin 2000, pet. ref'd). To this we add evidence of the one-way car rental which is a known means of transportation of illegal contraband between destinations known to be origins and destinations for drugs, a rental car required to be dropped off in Atlanta but which one of the parties claimed would be dropped off in Nashville, the inconsistent stories of the driver and passenger as to the type of vehicle they drove to Tucson and why they had not continued on with their friends to California, and the inability of the driver to provide any names of the persons with whom she claimed to have traveled cross-country combined to give the trooper reasonable suspicion to further detain appellant and her passenger. See Madden v. State, 242 S.W.3d 504, 516-17 (Tex. Crim. App. 2007) (finding reasonable suspicion for detention for a drug dog to arrive when there were two Florida cars appearing to travel as a convoy, the driver employed diversionary tactics, the vehicle was an overdue rental car, the driver provided inconsistent stories about the nature of his trip and destination, and he exhibited nervousness). 
 
In sum, we cannot say that the trial court erred in denying the motion to suppress. Its judgment is affirmed. 

 Per Curiam

Do not publish.